IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00172-F-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLEVELAND MYLES, | ) | |
| Defendant. | ) | |

This matter is before the court on Cleveland Myles's Motion to Review Detention Order and Grant Conditions of Release [DE-483]. In his Motion, Myles requests review of the detention order [DE-187] entered by United States Magistrate Judge Robert T. Numbers, II on June 12, 2015. For the reasons set forth below, Myles's Motion to Review Detention Order and Grant Conditions of Release is DENIED.

## I. Background

On May 27, 2015, the grand jury indicted Myles in Count One of a thirty-nine count indictment with conspiracy to knowingly and intentionally manufacture, distribute, dispense and possess with intent to distribute five (5) kilograms or more of cocaine and two-hundred eighty (280) grams or more of cocaine base (crack), pursuant to 21 U.S.C. §§ 841 and 846. *See* Indictment [DE-1].

Myles's initial appearance was held before Magistrate Judge Numbers on June 8, 2015. At that time, the Government moved for pretrial detention. Myles was temporarily remanded to the custody of the United States Marshal, and a detention hearing was scheduled for June 12, 2015.

On June 12, 2015, a detention hearing was held by Magistrate Judge Numbers. Myles

was present and represented by appointed counsel Rudolph A. Ashton, III. The Government was represented by Assistant United States Attorney Jennifer E. Wells.

At the detention hearing, Myles presented Theresa Myles and Taylor Myles as third-party custodians. The Government presented testimony from Agent Kevin Dickinson with the Cumberland County Sheriff's Office. Agent Dickinson testified about an investigation that began sometime between 1999 and 2000 into a large-scale drug trafficking organization in the Godwin Falcon area of Cumberland County. Lemont Webb and Antoine Myles were running the drug trafficking organization. According to Agent Dickinson, they would purchase a half to a whole kilo of powder cocaine and break it into user amounts. They would then convert it to crack cocaine and sell it to people living in Harnett, Sampson, and the surrounding counties.

Agent Dickinson explained that the investigation included a Title III wiretap, which covered Webb's and Antoine Myles's phones from July of 2014 to the end of October of 2014.[1] Once Myles moved to 8189 Godwin Falcon Road, his role in the drug trafficking organization was more of a lookout. Phone calls between Myles and Webb or Myles and Antoine Myles were intercepted on a daily basis. Myles was intercepted giving a "play by play" of where people were located and where stuff was hidden. For instance, when law enforcement did a search warrant at 8206 Godwin Falcon Road, Myles was on the telephone reporting it. Myles also called Antoine Myles several times and asked for cocaine. Agent Dickinson explained that Myles also served in the role of enforcer. Myles would visit the crack house and make sure that things were running smoothly. If there were problems, Myles handled it.

---

[1] During the time of the wiretap, the drug trafficking organization brought in close to $923,000 from the sell and distribution of crack cocaine.

2

At his arrest on June 5, 2015, Myles was Mirandized and given the opportunity to make a statement. Myles made the following statements to law enforcement: he knew they were selling drugs and tried to run them off his property; he used cocaine and laced blunts with cocaine; he had a person in Dunn that he purchased cocaine from; he supplied his girlfriend and another unknown male with the cocaine he purchased from his source in Dunn; and he had never purchased cocaine from Antoine Myles and Webb. Agent Dickinson testified that Myles's statement that he had never purchased cocaine from Antoine Myles and Webb was contradicted by calls that were intercepted pursuant to the wiretap.

On June 12, 2015, Judge Numbers entered a Detention Order Pending Trial [DE-187]. Judge Numbers found there was probable cause to believe that Myles had committed an offense for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 801 *et seq*. *Id.* at 1. Further, Judge Numbers found that Myles had not rebutted the presumption established by the finding that no condition will reasonably assure the defendant's appearance and the safety of the community. *Id.* at 2. Judge Numbers also found that there was a serious risk that Myles would not appear, and there was a serious risk that Myles would endanger the safety of another person or the community. *Id.* Judge Numbers concluded that the testimony and information submitted at the detention hearing established by clear and convincing evidence that for the following reasons there was no condition or combination of conditions that could be imposed which would reasonably assure Myles's appearance and/or safety of another person or the community: (1) the nature of the charges, (2) the apparent strength of the government's case, (3) the indication of substance abuse, (4) the defendant's criminal history, (5) the lack of stable employment, (6) the lack of a suitable custodian, and (7) the history of probation revocations. *Id.*

3

Myles filed his Motion to Review Detention Order and Grant Conditions of Release [DE-483] on May 18, 2016. Myles moves for a review of his detention order and requests conditions be fashioned so that he can be released from custody pending trial. *Id.* at 3. Myles argues that conditions can be fashioned that will reasonably assure his appearance at trial and ensure the safety of the community. *Id.* Myles contends that he is a skilled auto mechanic, and if released, he could work and provide for his family. *Id.* at 2. Myles further contends that his fiancée, Daphney Covington, could serve as a suitable third-party custodian if he is released. *Id.* at 2.

## II. Applicable Law

### A. Standard of Review

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the court reviews the magistrate judge's order *de novo*. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the court makes "an independent determination of the proper pretrial detention or conditions of release." *Id.* "The [c]ourt is free to use in its analysis any evidence or reasons relied on by the magistrate judge . . . ." *United States v. Hubbard*, 962 F.Supp. 2d 212, 215 (D.D.C. 2013). The court may also conduct a further evidentiary hearing at its discretion. *See United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985); *Hubbard*, 962 F.Supp. 2d at 215.

4

## B. Statutory Framework

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the court must order a defendant's pretrial release, with or without conditions, unless it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also id.* § 3142(b)-(c). In order to obtain a detention order, the Government must demonstrate (1) by a preponderance of the evidence that the defendant poses a risk of flight; or (2) by clear and convincing evidence that no conditions other than detention will reasonably assure the safety of any other person and the community. *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005); *Stewart*, 19 F. App'x at 48.

In assessing whether detention is appropriate, the court considers "the available information" on the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by a release on conditions. 18 U.S.C. § 3142(g). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

## III. Discussion

In accordance with 18 U.S.C. § 3145(b) and the relevant caselaw, this court has conducted a *de novo* review of Judge Numbers's June 12, 2015 detention order. Myles has requested a hearing on the instant motion during the June 6, 2016 term of court. Mot. Review [DE-483] at 3. Having considered Myles's Motion to Review Detention Order and Grant Conditions of Release, the Pretrial Services Report, Judge Numbers's oral and written orders,

5

and the recording of the June 12, 2015 detention hearing, the court concludes that further hearing is not necessary.

It shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). Thus, in this case, a rebuttable presumption of pretrial detention applies to Myles.

The strength of the Government's case supports the Magistrate Judge's decision to detain Myles. As noted above, Agent Dickinson testified at Myles's detention hearing that Myles's involvement in the large-scale drug trafficking organization included serving both as a lookout and an enforcer.

Myles's prior convictions also support Judge Numbers's decision to detain Myles. Myles has the following criminal convictions: (1) 1986 conviction for assault on a government official and communicating threats; (2) 1989 conviction for carrying a concealed weapon; (3) 1990 conviction for possession with intent to sell or deliver marijuana; (4) 1990 conviction for possession of cocaine; (5) 1990 conviction for possession with intent to sell or deliver cocaine; (6) 1996 conviction for assault on a female; (7) 1996 conviction for assault with a deadly weapon; (8) 1997 conviction for assault with a deadly weapon and injury to personal property; (9) 1997 conviction for simple assault; (10) 1998 conviction for possession with intent to manufacture, sell, or deliver cocaine; (11) 1999 conviction for possession with intent to sell or deliver cocaine and delivery of cocaine; (12) 2002 conviction for driving while impaired;

(13) 2004 conviction for assault with a deadly weapon inflicting serious injury and felonious restraint; and (14) 2002 conviction for aiding and abetting larceny from the person.

In conclusion, considering all the circumstances of this case, the court concludes that the decision of the Magistrate Judge is correct, and detention prior to trial is necessary.

### IV. Conclusion

Based on the foregoing, Myles's Motion to Review Detention Order and Grant Conditions of Release [DE-483] is DENIED and Judge Numbers's Detention Order Pending Trial [DE-187] is AFFIRMED.

SO ORDERED.

This, the 23 day of May, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge