IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-F-8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CLEVELAND MYLES, ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant Cleveland Myles' ("Cleveland") motion [DE 510] to adopt and join Antoine Myles' ("Antoine") motion to suppress intercepted communications.

This case arises from a joint investigation by the Sheriff's Office in Cumberland County, North Carolina ("CCSO"), the CCSO Special Response Team, the Cumberland County Bureau of Narcotics and the Drug Enforcement Administration (collectively, "law enforcement") into cocaine and crack trafficking activities between 2000 and 2014 of a drug trafficking organization ("DTO") based primarily in the North Carolina cities of Godwin and Dunn.

On May 27, 2015, a grand jury returned an indictment charging Cleveland and eighteen co-defendants with multiple counts.[1] Cleveland is charged in count 1 only – conspiracy to manufacture, distribute, dispense and possess with intent to distribute more than 5 kilograms or more of cocaine and 280 grams or more of cocaine base (crack), 21 U.S.C. § 846.

On February 22, 2016, Antoine filed a motion to suppress the contents of the wiretap intercepts and all evidence derived therefrom pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure and Title III of the Omnibus Crime Control and Safe Streets Act of 1968

---

[1] Nine co-defendants have pled guilty to criminal charges. [DEs 276, 281, 325, 327, 359, 361, 376, 516, 542].

("Title III"), 18 U.S.C. § 2510 *et seq.* [DE 394].[2] On April 25, 2016, the court denied Antoine's motion ("April Suppression Order").[3] *United States v. Myles*, 2016 U.S. Dist. LEXIS 55326 (E.D.N.C. Apr. 25, 2016).

On June 3, 2016, Cleveland timely filed the instant motion.[4] Cleveland's motion is devoid of any legal analysis. Other than stating "he was a party to some of the intercepted communications from Antoine's phone," Cleveland's motion is also devoid of any factual argument that may warrant suppression of the contents of the wiretap intercepts. [DE 510 at 2]. As such, the court is limited to the arguments presented by Antoine only. In its April Suppression Order, the court provided a detailed analysis, which it need not further expound here, and found that probable cause existed to grant the three wiretap applications. *Myles*, 2016 U.S. Dist. LEXIS 55326, at *32. The court found in the alternative that the good-faith exception precludes suppression of the wiretap orders.[5] *Id.* at *32-33. The rational supporting those findings remains unchanged by the instant motion.

For the foregoing reasons, Cleveland Myles' motion [DE 510] to adopt and join Antoine Myles' ("Antoine") motion to suppress intercepted communications is ALLOWED. Given the court's findings in its April Suppression Order remain unaffected by the instant motion, the court's ruling on Antoine Myles' motion to suppress the Title III wiretap intercepts [DE 394] – joined and adopted by Cleveland Myles – remains the same – that is, DENIED.

---

[2] Co-defendant Ronald Devon Pegues adopted Antoine's motion. [DE 414].

[3] The April Suppression Order appears at docket entry 449.

[4] The deadline for filing pretrial motions was June 6, 2016. [DE 446].

[5] *See United States v. Brewer*, 204 F. App'x 205(4th Cir. 2006) (holding the good faith exception to the Fourth Amendment exclusionary rule, as articulated in *United States v. Leon*, 468 U.S. 897 (1984), applies in the Title III context).

SO ORDERED.

This the 9th day of August, 2016.

                                          */s/ James C. Fox*
                                        **JAMES C. FOX**
                                        Senior United States District Judge